IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **DAVID EARL PONDER,** | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | A-14-CV-336-LY |
| | § | |
| **AVALON CORRECTIONAL SERVICES, et al.,** | § | |
| | § | |
| Defendants. | § | |

### ORDER ON *IN FORMA PAUPERIS* STATUS AND
### REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff David Earl Ponder's ("Ponder") Application to Proceed *In Forma Pauperis* (Dkt. No. 1). The District Court referred the above-motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

This is not the first time the undersigned has reviewed Ponder's Application to Proceed *In Forma Pauperis*. Previously, the undersigned recommended that while Ponder was entitled to *in forma pauperis* status, and his complaint should be filed, service of his complaint should be withheld until Ponder filed a more definite statement and the undersigned completed a frivolousness review, pursuant to 28 U.S.C. § 1915(e)(2). Dkt. No. 2. Ponder was ordered to file his statement by June 2, 2014. *Id.* Ponder failed to file a more definite statement, and on June 4, 2014, the undersigned recommended that the District Court dismiss the complaint without prejudice. Dkt. No. 4. On June 20, 2014, Ponder filed an objection to the Report and Recommendation, stating that he had not

received the undersigned's order until May 29, 2014, and that he had not had enough time to file his statement. Dkt. No. 6. In lieu of that statement, Ponder filed an amended complaint on June 30, 2014. Dkt. No. 7. On March 31, 2015, the District Court re-referred the case to the undersigned, for a prompt recommendation as to whether it should be dismissed as frivolous pursuant to 28 U.S.C. § 1915. Dkt. No. 11.

## I. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After reviewing the financial information in Ponder's *in forma pauperis* motion, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Ponder *in forma pauperis* status and **ORDERS** his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Ponder is further advised that although he has been granted leave to proceed *in forma pauperis*, the Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has conducted a § 1915(e) review of the claims made in Ponder's Complaint and is recommending that some of his claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon Defendants should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.  SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

Because Ponder has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact," *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass

3

others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## A.    Factual Allegations and Claims

Ponder brings this cause of action against Defendants Avalon Correctional Services ("Avalon"), its founder Donald E. Smith, and its employees Greg Basham, Loy Cerranno, Jeannie Parsons, Max Goodale, and Ben Lovelace ("Employee Defendants"). Dkt. No. 7 (hereinafter Complaint). Ponder alleges that Avalon and the Employee Defendants, acting under color of state law, repeatedly deprived him of his rights under the Constitution, and thereby violated 28 U.S.C. § 1983. Ponder seeks monetary damages of at least $2.6 million dollars, including at least $2 million for "physical health damages," $75,000 for "mental health damages," $500,000 for intentional infliction of emotional distress, and $25,000 in punitive damages. *Id.* at 8.

Ponder's claims arise from several stays at halfway houses owned and operated by Avalon. First, he says, on or about March 16, 2012, Avalon employees, including the Employee Defendants, reported to Ponder's parole officer that he had violated the terms of his parole. *Id*. at 3. At an April 10, 2012, hearing on the matter, Ponder alleges that the Employee Defendants lied under oath. *Id*. at 4. He then spent 31 days in the Tarrant County Jail and was released back to the Avalon Facility. *Id*. Ponder alleges that while he was away all of his clothing and personal possessions were discarded by Avalon staff. *Id*. Six days after he returned to Avalon he suffered massive internal bleeding and was hospitalized for a week. *Id*. at 5. Ponder alleges that unnamed Avalon staff delayed calling 911 emergency services because they believed he was "faking" his illness. *Id*.

After his release from the hospital and return to Avalon, Ponder found that his possessions had been confiscated again. *Id*. In response, Ponder filed a formal grievance against the Avalon

personal who had taken his possessions. *Id*. A hearing was held and he prevailed; his possessions were replaced with new items. *Id*. Ponder alleges that in retaliation for his successful grievance claim he was subjected to a pattern of harassment from Avalon personnel. *Id*. He alleges that staff confiscated his personal property, despite the property being allowed at the facility, charged him with "bogus violations,' and restricted his ability to leave the facility. *Id.* The retaliation, Ponder says, prevented him from pursuing Social Security benefits and seeking medical and mental health services. *Id*. He alleges that Defendants Basham, Cerrano, and Parsons were aware of harassment by other personnel and engaged in it themselves. Specifically, he contends that when he filed formal grievances against the lower level personnel, these Defendants quashed the grievances, ordered him to stop filing grievances, and conducted sham hearings on their merits. *Id*. at 6.

Ponder further alleges that starting in mid to late May 2012 his name was not being announced at the facility's daily mail call. *Id*. As a result, his mail was returned to its sender after 24 hours, instead of the 72 hours Avalon rules dictate, and his outgoing mail was not sent. *Id*. Ponder alleges that when confronted, Defendant Parsons admitted to the tampering, stating that since Ponder had complained so much about it, perhaps all residents should have their mail returned after 24 hours. *Id*. When Ponder finally received his mail he discovered that he had missed a filing deadline with the Social Security Administration, causing him to lose $14,000 in back pay. *Id*.

Ponder claims that the retaliatory harassment he suffered caused "constant emotional distress" and a severe and debilitating nervous breakdown and panic attack that left him briefly hospitalized. *Id.* at 6-7. The harassment continued once he returned to the Avalon facility. *Id*. at 7. Ponder alleges that in retaliation for his attempts to contact reporters, Defendant Basham reported to law enforcement that Ponder had violated his parole. *Id*. His parole officer then arranged a

transfer to an Avalon facility in Austin, where Ponder alleges the harassment continued, this time by Defendants Max Goodale and Ben Lovelace.. *Id*.

**B.   Merits of Ponder's Claim**

Parsing out Ponder's claims, it appears he is alleging five sequential and related violations of his civil rights under 42 U.S.C. § 1983. He alleges that Avalon and the Employee Defendants:

1. The Defendants deprived him of liberty without due process by reporting to law enforcement that he had violated the terms of his parole;

2. The Defendants caused him bodily harm when they delayed in calling 911 emergency services because they believed he was "faking;"

3. The Defendants destroyed his personal property;

4. The Defendants retaliated against him for filing a formal grievance; and

5. The Defendants interfered with his ability to send and receive his mail.

After reviewing Ponder's Complaint, the Court concludes that the fourth and fifth claims are not frivolous. With regard to the remaining claims, as discussed below, the undersigned recommends they be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**1.   Statute of Limitations**

To the extent Ponder seeks any relief for events that occurred prior to April 21, 2012, his claims are barred by the statute of limitations.[1] "Because there is no federal statute of limitations for § 1983 claims, district courts use the forum state's personal injury limitations period." *Moore*, 30 F.3d at 620. Under Texas law, the general personal injury limitations period is two years. TEX. CIV. PRAC. & REM. § 16.003(a). While Texas law applies to the limitations period, "federal law governs when a § 1983 claim accrues, and '[u]nder federal law, a cause of action accrues when the plaintiff

---

[1] Ponder filed the instant cause of action on April 21, 2014. *See* Dkt. No. 1.

6

knows or has reason to know of the injury which is the basis of the action.'" *Moore*, 30 F.3d at 620–21 (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993)). Ponder states that on April 10, 2012, a parole violation hearing was held and he subsequently spent 31 days in the Tarrant County Jail before returning to the Avalon facility. Complaint at 4. As such, Ponder likely returned to the Avalon facility after April 21, 2012. Claims arising from facts after this date may give rise to a cause of action. But to the extent any of Ponder's claims are based on events that occurred prior to April 21, 2012, those claims are barred by the statute of limitations.

### 2. Reporting of Parole Violations

Ponder alleges that he was "undeservedly deprived of his freedom" on multiple occasions because the Employee Defendants reported to law enforcement that he had violated his parole. Complaint at 2-3. Ponder does not allege that he was denied either a preliminary probable cause hearing when he was arrested, or a revocation hearing after he was taken into custody. His only complaint is about the reporting of the violation by Avalon staff. But "because the loss of liberty as a parole violator does not occur until the parolee is placed under arrest," at which time he is entitled to not one but two hearings, no hearing or other process is required prior to being arrested for a parole violation. *See Malena v. Richard*, 117 F. App'x 355, 356 (5th Cir. 2004) (internal citations omitted). Accordingly, the mere reporting of a violation, even without a hearing, did not violate Ponder's right to due process.

### 3. Destruction of Personal Property

Ponder next alleges that his property was confiscated several times by Avalon staff. Complaint at 4-5. The first incident occurred sometime while he was in the Tarrant County Jail, a stay that began on or about April 10, 2012 and continued for 31 days. *Id*. at 4. As noted, *supra.* to

7

the extent Ponder advances any claims that occurred before April 21, 2012, those claims are time barred. Thus to the extent any of Ponder's property was discarded prior to April 21, 2012, claims derived from those particular acts are time barred.

Regarding the second incident, Ponder alleges that the property was confiscated while he was in the hospital for seven days, when Avalon policy provides for the safekeeping of personal effects for 30 days after a person has left a facility. *Id.* at 5. Under the *Parratt-Hudson* Doctrine, "an unauthorized intentional deprivation of property" by a person acting under the color of state law "does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). In this case, Ponder availed himself of such remedies, filing a formal grievance against the Avalon personnel involved and, after a hearing, ultimately succeeded in having his possessions replaced. Complaint at 5. Thus in addition to not being a violation of the his due process rights, the deprivation of Ponder's property resulted in no harm. Accordingly, this claim is not cognizable and should be dismissed as frivolous.

### 4. Delay in calling 911 Emergency Services

Ponder's allegation that Avalon staff unnecessarily delayed in contacting 911 emergency services when he suffered internal bleeding is also without merit. "The Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property . . . . Not only does the word "deprive" in the Due Process Clause connote more than a negligent act, but we should not open the federal courts to lawsuits where there has been no affirmative abuse of power." *Daniels v. Williams*, 474 U.S. 327, 328, 330 (1986) (citations omitted). Moreover, Ponder fails to plead any actual injury he suffered from the delay. While he alleges that

his "blood pressure dropped to 64/48" and he "almost bled to death" before reaching the emergency room, he did in fact reach that emergency room and subsequently spent seven days in the hospital. Complaint at 5.  He has not pled that the delay caused him any greater injury than he otherwise would have suffered at the onset of his "massive internal bleeding." *Id.*  Even if he had, as noted, negligence on the part of Avalon staff simply does not constitute a deprivation of his due process rights, and therefore does not constitute a cognizable cause of action under 42 U.S.C. § 1983.

### III.  ORDERS AND RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Ponder *in forma pauperis* status (Dkt. No. 1).  Service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report.  The undersigned **FURTHER RECOMMENDS** that, pursuant to 28 U.S.C. § 1915(e)(2)(B), the District Court **DISMISS** any of Ponder's claims which derive from events occurring prior to April 21, 2012, as time barred, the claims regarding Avalon staff reporting violations of his parole, his claims for destruction of personal property which was ultimately recovered, and his claims regarding the negligence of Avalon staff in contacting 911 emergency services, as these claims are not cognizable under 28 U.S.C. § 1983, and are therefore frivolous.  It this Recommendation is adopted, Ponder's remaining claims will be the last two of the five claims set out earlier:  the claim that the Defendants retaliated against Ponder for filing a formal grievance; and the claim that Defendants interfered with Ponder's ability to send and receive his mail.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 14th day of April, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE