**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **DAVID EARL PONDER** | § | |
| | § | |
| **V.** | § | **A-14-CV-336-LY** |
| | § | |
| **AVALON CORRECTIONAL** | § | |
| **SERVICES, et al.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court are Defendants Avalon Correctional Services, et al.'s Rule 12(b)(1) Motion to Dismiss for Lack of Subject-Matter Jurisdiction and Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (Dkt. No. 39), as well as the Plaintiff's Response (Dkt. No. 40). The undersigned Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

**I. Background**

Defendants brought the motions presently before the Court after a series of proceedings that included the dismissal of all but two of the five claims that originally comprised Plaintiff David Ponder's Amended Complaint. Dkt. No. 16, at 2; Dkt. No. 12, at 9. The two remaining claims—that Defendants retaliated against Ponder for filing formal grievances and that they interfered with his ability to send and receive mail, both of which fall under 42 U.S.C. § 1983—are closely entwined, and arise from four events detailed in Ponder's Amended Complaint. Dkt. No. 12, at 9.

Avalon Correctional Services is an operator and provider of residential reentry centers—commonly known as halfway houses—in Texas, Oklahoma, and Wyoming. Ponder was a resident at Avalon's Fort Worth facility during a probationary period following his release from prison. The claims in this suit arise from Defendants' treatment of Ponder after he filed a successful grievance to reimburse him for property that was confiscated while he was in the hospital. Dkt. No. 9, at 5. Some unspecified time after this successful grievance, unnamed Avalon personnel

> began retaliating against the Plaintiff. At first by confiscating items during searches that were clearly approved items according to Avalon regulations, then later by charging the Plaintiff with petty bogus "violations" that caused him to be restricted from leaving the facility. This effectively prevented the Plaintiff from pursuing his SSDI benefits claim, obtaining alternate living arrangements, and because of fear and intimidation, from seeking further medical, and mental health services. [sic]

*Id*. Ponder alleges that Defendants Greg Basham, Loy Serrano, and Jeannie Parsons "were aware of the retaliations against the Plaintiff, and did nothing to correct or discourage the personnel involved, but yet became a part of the constant harassment." *Id*. The second retaliatory event occurred shortly thereafter. The complaint alleges that

> [w]hen the Plaintiff filed additional formal grievances against lower level Avalon personnel these Defendants [Basham, Serrano, and Parsons] engaged in quashing the grievances, ordering the Plaintiff to stop filing grievances, conducted "kangaroo hearings" on the Plaintiff's appeals, and ignored eyewitnesses to the misbehavior of Avalon "client monitors" and other lower level supervisory personnel. [sic]

*Id*. at 5-6. While it is unclear, the complaint can be read to indicate that the retaliatory acts of Basham, Serrano, and Parsons were motivated, at least in part, by Ponder's initial, successful grievance.

The third retaliatory event also encapsulates Ponder's claim that Defendants interfered with his mail. Sometime in mid- to late-May 2012, Ponder "discovered that his name was not being

announced at mail call, and that his mail was being returned to sender after only twenty-four hours,"
despite the fact that "Avalon rules state that resident mail is kept 72 hours." *Id*. at 6.  Furthermore,
Ponder's "outgoing mail was not being sent," forcing him to resort to "smuggl[ing] out mail via
other residents when they left on their own day passes." *Id*.  When Ponder learned of Defendants'
actions, he "confronted Jeannie Parsons with his concerns." *Id*.  Parsons "admitted that the Plaintiff's
mail had indeed been interfered with, and in anger made the statement 'that since I [Ponder] was
complaining so much about my mail that they (herself and other Avalon employees) would just start
sending back everyone's mail in twenty-four hours'." [sic] *Id*.

Upon eventual receipt of his mail, Ponder "learned that a deadline for answering and
responding to requirements of The Social Security Department had lapsed, and his application was
denied, causing [him] $14,000 dollars lost back pay." [sic] *Id*.  Ponder also discovered that "an
attorney he had attempted to commission had attempted to contact him;" this attorney "could also
have won [Ponder the] benefits" he lost as a result of missing the filing deadline. *Id*.  Though the
complaint is unclear, it can be read to indicate that Ponder saw Parsons's interference with his mail
as a retaliatory act done in response to his repeated use of Avalon's grievance procedures.  Ponder
further alleges that, "[d]ue [to] this sudden knowledge of monetary loss, and also the constant
harassment, loss of opportunities to obtain alternate housing, and constant emotional distress," he
"suffered a severe and debilitating nervous breakdown and panic attack episode, leading again to
hospitalization." *Id*. at 6-7.

The fourth and final event occurred following Ponder's arrival at Avalon's Austin facility.
There, Defendants Max Goodale and Ben Lovelace, for reasons unstated,

deprived [Ponder] of his freedom without just cause, and further caused monetary, and property losses in excess of $3000.00, and . . . contributed to [his] decline in mental and physical health. Both using the same tactics of bogus write-ups . . . and harassment, attempting to restrict the Plaintiff from SSI attorneys, and appointments to social services, and then on or about June 26th 2012 parole violated the Plaintiff without just cause. [sic]

*Id*. at 7-8.

Defendants' motion to dismiss for lack of subject matter jurisdiction argues that Ponder failed to exhaust administrative remedies available to him as required by the Prison Litigation Reform Act (hereinafter P.L.R.A.), 42 U.S.C. § 1997e.  Defendants' motion to dismiss for failure to state a claim makes four arguments: (1) Ponder's claims against Avalon's supervisory officials should be dismissed because § 1983 does not allow for liability based on a theory of vicarious liability or respondeat superior; (2) Ponder fails to plead sufficient facts to show a plausible retaliation claim under 42 U.S.C. § 1983; (3) Ponder fails to plead sufficient facts to show a plausible constitutional violation for Defendants' interference with his mail; and (4) Ponder fails to plead sufficient facts to show Lovelace violated his constitutional rights.

## II.  Analysis

## A.    Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction

Defendants first argue that all of Ponder's claims should be dismissed because he failed to exhaust available administrative remedies before filing suit as required by 42 U.S.C. § 1997e(a). The statute reads, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of,

4

convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release or diversionary program." 42 U.S.C. § 1997e(h). The exhaustion of administrative remedies is an affirmative defense; thus, a plaintiff is not required to plead or demonstrate exhaustion in her complaint. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Rather, the failure to exhaust available remedies must be pled and proved by the defendant. *Id.*; *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). Additionally, the available administrative remedies are defined by the prison's grievance procedures, and courts may neither add to nor subtract from these procedures. *Jones*, 549 U.S. at 218; *Cantwell v. Stirling*, 788 F.3d 507, 509 (5th Cir. 2015).

Defendants claim that "Ponder has demonstrated a complete disregard for complying with TDCJ's [the Texas Department of Criminal Justice's] administrative procedures for filing grievances" and that dismissal is required because Ponder "has failed to demonstrate, or evan allege, compliance with TDCJ grievance procedures prior to filing this subject lawsuit." Dkt. No. 39, at 3. As is clear, however, the burden to demonstrate or allege compliance was not Ponder's to bear. Moreover, Defendants' motion fails to adequately demonstrate that this suit should be governed by the P.L.R.A.'s exhaustion requirement, for two reasons. First, as the exhaustion requirement applies only to those plaintiffs who were confined when the action was brought, Defendants must show that Ponder was confined in an Avalon facility at the time he filed suit. 42 U.S.C. § 1997e(h); *see Woodford v. Ngo*, 548 U.S. 81, 95 (2006) (equating "bringing action" under § 1997e(a) to filing suit). Defendants' motion, however, is silent on Ponder's status at the time he filed the present lawsuit.

Second, Defendants must indicate what administrative remedies were actually available to Ponder. *Davis v. Fernandez*, 798 F.3d 290, 294 (5th Cir. 2015). The Defendants' failure to do so places the Court in a difficult position, because "[w]ithout knowing what the applicable grievance

procedures say, it's impossible to determine" whether they were exhausted. *Cantwell*, 788 F.3d at 509. It is not enough for Defendants to merely state that Ponder ignored the remedies of the TDCJ; rather, they have the burden of establishing precisely what procedures were available to Ponder and of showing that he failed to exhaust these procedures. *See id*.

Because Defendants' motion does not adequately demonstrate that Ponder is subject to the P.L.R.A.'s exhaustion requirement, it fails to meet its burden of proof. The Court therefore recommends that Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction be denied.

**B.   Defendants' Motion to Dismiss for Failure to State a Claim**

Defendants also argue that, for various reasons, Ponder's complaint fails to state a claim for which relief may be granted. To survive a motion to dismiss, Ponder's claims must be facially plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a claim need not be probable, those that merely offer "labels and conclusions" or "a formulaic recitation" of the elements are insufficient, as are those featuring "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id*. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Finally, as Ponder is proceeding *pro se*, his complaint is to be liberally construed in his favor. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972) (per curiam). This liberal reading necessarily extends to include matters of both law and fact. *Taylor v. Gibson*, 529 F.2d 709, 714 (5th Cir. 1976).

Both of Ponder's remaining claims fall under the general guidelines of 42 U.S.C. § 1983. To successfully state a claim under § 1983, a plaintiff must show (1) a deprivation of a right, privilege or immunity secured by federal law or the Constitution (2) by a person acting under color of state law. *Miss. Women's Med. Clinic v. McMillan*, 866 F.2d 788, 791 (5th Cir. 1989). A supervisory official may not be sued for a § 1983 violation done by her subordinates under a theory

of pure vicarious liability or respondeat superior. *E.g.*, *Reimer v. Smith*, 663 F.2d 1316, 1323 (5th Cir. 1981). However, a supervisory official may be liable if the plaintiff can show either (1) the official's personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the official's wrongful conduct and the constitutional violation. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). Additionally, supervisors may be liable for a failure to stop constitutional violations if such failure demonstrates deliberate indifference to plaintiffs' constitutional rights. *See Doe v. Taylor Ind. Sch. Dist.*, 15 F.3d 443, 454 (5th Cir. 1994). Plaintiffs seeking to avail themselves of this standard must show as an element of their claim that the defendant's failure to act actually caused the constitutional injury to the plaintiff. *See id.* at 472; *Bowen v. Watkins*, 669 F.2d 979, 988 (5th Cir. 1982) (holding that supervisory officials may be liable for inaction, including a failure to supervise amounting to gross negligence or deliberate indifference, if such inaction is a proximate cause of the constitutional violation).

Finally, Ponder's claims for retaliation have four separate elements which must be plead. Ponder must show (1) the exercise of a specific constitutional right; (2) the defendant's intent to retaliate against the plaintiff for exercising that right; (3) an adverse retaliatory act; and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Opinions from other circuits cited with approval by the Fifth Circuit have generally held that dismissal of retaliation claims is inappropriate where the plaintiff alleges a chronology of events from which retaliation "may plausibly be inferred." *Cain v. Lane*, 857 F.2d 1139, 1143 fn.6 (7th Cir. 1988). Nor must prisoners allege that the retaliation *resulted in* the deprivation of a constitutional right; rather, actions motivated by a retaliatory animus are § 1983 violations even if such actions, when taken for different reasons, might have been legitimate. *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995). Thus, the key issue is

whether the actions against the plaintiff were taken out of a desire, and with the intent, to retaliate.

*See id.*; *Mt. Healthy City Sch. Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274, 283-284 (1977).

### 1. Ponder's Claims Against Basham, Serrano, and Parsons Alleging Their Failure to Act

Defendants argue that Ponder's § 1983 retaliation claim improperly attaches liability to supervisory officials at Avalon based on a theory of vicarious liability or respondeat superior. Ponder's complaint alleges simply that Basham, Serrano, and Parsons were aware of acts of retaliation against Ponder by lower-level Avalon employees and failed to intervene to prevent them. Such allegations fail to establish the requisite involvement of Basham, Serrano, and Parsons as supervisory officials under § 1983. Even if Ponder's complaint plausibly alleges that Defendants demonstrated deliberate indifference, it fails on its face to demonstrate that such deliberate indifference *caused* the constitutional violation. Indeed, on its most natural reading, the complaint indicates that the retaliatory acts occurred before Basham, Serrano, and Parsons were aware of them, and that they occurred independent of directives or orders from these Defendants. Finally, Ponder's assertion that Defendants "became a part of the constant harassment" is precisely the type of "unadorned, the-defendant-unlawfully-harmed me accusation" that the Court in *Iqbal* deemed insufficient to survive a motion to dismiss. 556 U.S. at 678.

Ponder's complaint fails to properly allege Basham, Serrano, and Parsons' involvement in the first retaliatory event; thus, any claim arising from such accusations warrants dismissal for failure to state a claim. Additionally, as Ponder fails to allege any involvement for Defendant Donald E. Smith beyond his supervisory role at Avalon, any and all claims against him should be dismissed for failure to state a claim.

8

2.     **Ponder's Claims Against Basham, Serrano, and Parsons Alleging Their Retaliation Against Him for Filing Grievances Against Lower-Level Avalon Personnel**

Defendants' motion argues that Ponder fails to allege sufficient facts to support a retaliation claim.  It is true that prisoners have no liberty interest in prison grievance procedures being resolved to their satisfaction. *E.g.*, *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (per curiam). However, the use of a prison system's grievance procedure has been found to be a right that will support a First Amendment retaliation claim. *See, e.g.*, *Jackson v. Cain*, 764 F.2d 1235, 1252 (5th Cir. 1989).

Taking his complaint as a whole, Ponder alleges that he initially filed a successful grievance against Avalon personnel for confiscating his property; that, shortly thereafter, lower-level Avalon personnel retaliated against him for filing such a grievance, and that Basham, Serrano, and Parsons were aware of this retaliation; that Ponder continued to file grievances against lower-level Avalon personnel for these acts of retaliation; and that Basham, Serrano, and Parsons thereafter retaliated against Ponder by disregarding these grievances and by discouraging him from filing additional grievances.  Such a chronology of events supports the plausible inference that Defendants Basham, Serrano, and Parsons engaged in the alleged conduct out of a desire to retaliate against Ponder's repeated use of the grievance procedure.  The Court therefore recommends that the motion to dismiss the claims against Basham, Serrano, and Parsons for their alleged retaliation against Ponder be denied.

3.     **Ponder's Claims Against Parsons Alleging Interference With His Mail**

Defendants' motion next argues that Ponder fails to plead sufficient facts to support a plausible constitutional violation for Parsons's interference with his mail.  Ponder does not claim that

Avalon adopted an unconstitutional policy as regards incoming and outgoing mail. *E.g.*, *Brewer v. Wilkinson*, 3 F.3d 816 (5th Cir. 1993). Rather, Ponder alleges that Parsons violated Avalon's policy by refusing to send out Ponder's mail, by failing to announce his name at mail call, and by returning his incoming mail to the sender after a briefer time period than provided for by Avalon's regulations.

The Fifth Circuit has long held that inmates do not possess a right to the unrestricted freedom of receipt and transmission of mail. *Adams v. Ellis*, 197 F.2d 483, 485 (5th Cir. 1952). Furthermore, a prison official's failure to follow the prison's mail policies or procedures does not, by itself, result in a constitutional violation. *See Myers v. Klevenhagen*, 97 F.3d 91, 95 (5th Cir. 1996). Rather, Ponder must show that Parsons's failure to follow Avalon's mail policies led to him suffering a constitutional harm as a result of being deprived of his mail. *See Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988).

Ponder is unable to show that Parsons's deprivation of his mail led to a constitutionally-cognizable harm. Although Ponder claims that Parsons's actions deprived him of $14,000.00 of back pay for disability insurance, Ponder had no property interest in the continued receipt of these benefits. *See Mathews v. Eldridge*, 424 U.S. 319, 340-341 (1976). Furthermore, Ponder's complaint does not show that, but for Parsons's interference, he would have received these benefits. *See Richardson*, 841 F.2d at 122 (claim for interference was unsupported because there was insufficient evidence to suggest that prison official's intentional interference was the cause of prisoner's delay in receiving legal mail). Moreover, Ponder cannot claim a First Amendment violation based on Parsons denying him access to the courts. Although Parsons's actions might have deprived Ponder of the reasonable opportunity to receive the assistance of an attorney, a violation of an inmate's First Amendment right to the courts is only cognizable where the inmate alleges that his ability to pursue

a non-frivolous, arguable legal claim was hindered. *Brewster v. Dretke*, 587 F.3d 764, 769 (5th Cir. 2009). As Ponder's complaint fails to demonstrate that a constitutional harm resulted from Parsons's interference with his incoming and outgoing mail, the Court recommends that this claim be dismissed.

### 4.   Ponder's Claim Against Lovelace and Goodale Alleging Their Retaliation Against Him

Defendants' fourth and final argument is that Ponder fails to plead sufficient facts to show Lovelace violated his constitutional rights. Because the allegations in Ponder's complaint made against Lovelace are identical to those made against Max Goodale, the Court considers these defendants together. Ponder alleges that Lovelace and Goodale

> deprived [Ponder] of his freedom without just cause, and further caused monetary, and property losses in excess of $3000.00, and also, contributed to [his] decline in mental and physical health. Both using the same tactics of bogus "write-ups" . . . and harassment, attempting to restrict the Plaintiff from SSI attorneys, and appointments to social services, and then on or about June 26th 2012 parole violated the Plaintiff without just cause. [sic]

Dkt. No. 7, at 7-8. These allegations lack the factual support required to "nudge [them] across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Instead, they primarily consist of "unadorned, the-defendant-unlawfully-harmed-me" accusations, such as "[Defendants] deprived the Plaintiff of his freedom without just cause." *Iqbal*, 556 U.S. at 678; Dkt. No. 7, at 7. Furthermore, even if Ponder satisfied his initial pleading burden, he fails to plead facts that would establish a chronology of events plausibly supporting an inference of retaliation. It is one thing to claim that upper-level officials at a particular Avalon facility continued a policy of retaliation for two to three weeks after Ponder's successful use of the grievance procedure; it is quite another to claim that such retaliatory animus extended to employees at an entirely different facility who had no knowledge or

11

awareness of Ponder's earlier grievances.  Accordingly, the Court recommends that Ponder's claims against Lovelace and Goodale be dismissed.

### III. Conclusion

For the reasons set forth above, the undersigned **RECOMMENDS** that the District Court **DENY** Defendants Avalon Correctional Services, et al.'s Rule 12(b)(1) Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Dkt. No. 39).  The Court further **RECOMMENDS** that the District Court **GRANT IN PART** and **DENY IN PART** Defendants' Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim. (Dkt. No. 39).  The Court **RECOMMENDS** that the Motion to Dismiss be **GRANTED** as to the claim for interference with mail and as to the retaliation claims against Smith, Lovelace and Goodale, but **DENIED** with regard to the retaliation claims brought against Basham, Serrano, and Parsons.

### IV.  Warning

The parties may file objections to this Report and Recommendation.   A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-1429 (5th Cir. 1996).

      SIGNED this 1 day of August, 2016.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE